418 A.2d 531

**COMMONWEALTH of Pennsylvania,**

v.

**Hadley NELSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 4, 1978.

Filed Jan. 18, 1980.

David Cohen, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND* and LIPEZ, JJ.

LIPEZ, Judge:

Appellant was convicted in a jury trial of involuntary deviate sexual intercourse,[1] criminal conspiracy[2] and simple assault.[3] Post-verdict motions were filed and denied. Because we agree with appellant that the lower court erred in permitting the Commonwealth to rehabilitate a witness by reference to his refusal to take a lie detector test, we reverse and grant a new trial.[4]

---

* Judge Donald E. Wieand is sitting by special designation.

1. 18 Pa. C.S. § 3123.

2. 18 Pa. C.S. § 903.

3. 18 Pa. C.S. § 2701.

4. Our disposition obviates consideration of the three other issues appellant raises: (1) whether appellant was denied his federal sixth amendment and state constitutional right to counsel at his pre-trial identification by the victim; (2) whether the failure by the Commonwealth to determine and disclose the identity of a potential eyewit-

Appellant was tried for taking part in a gang rape in the prison in which he was serving a previous sentence. During the investigation on the morning following the incident, one of the suspects had given a statement to a detective that on the previous night he had not been to the victim's cell, where the attack took place, and had not bothered the victim in any way. He concluded the statement by saying, "And I am willing to take a lie detector test." Later that morning, when offered the opportunity to take a lie detector test, the suspect refused. After more questioning, the suspect gave another statement, confessing his part in the crime, and implicating appellant as well as himself.

The suspect became a witness for the prosecution at appellant's trial, and his testimony was consonant with his latter statement, implicating himself, along with the appellant. On cross-examination, defense counsel introduced the witness's prior inconsistent statement, that he had not been to the victim's cell or bothered the victim at all on the night of the attack. Defense counsel left out the concluding sentence, "And I am willing to take a lie detector test." The prosecutor insisted that this sentence be read along with the rest of the statement. Over defense counsel's objection, the trial judge ordered the concluding sentence to be read too.

On redirect examination, in order to rehabilitate its witness from the inconsistent statement, the prosecutor introduced the consonant statement, in which the witness had implicated himself, along with implicating appellant. Over defense counsel's objection, the court permitted the prosecution to bring out the fact that this consonant statement had been given to the police after the witness had refused to take the lie detector test concerning what he had said in the prior inconsistent statement.

The Commonwealth contends that it is only the results of lie detector tests which are inadmissible, and therefore it was not error to admit testimony that the witness had

ness was reversible error; and (3) whether the trial court erred in narrowing the scope of cross-examination of a Commonwealth witness concerning prior inconsistent statements.

refused to take a lie detector test. This contention has been repeatedly rejected by a majority of our Supreme Court, stating, ". . . it is obvious that neither a professed willingness nor a refusal to submit to such a test should be admitted." *Commonwealth v. Johnson*, 441 Pa. 237, 240, n.*, 272 A.2d 467, 469, n.* (1971), *quoting Commonwealth v. Saunders*, 386 Pa. 149, 157, 125 A.2d 442, 445 (1956).

The Commonwealth also argues that the evidence of refusal to take the lie detector test was a proper means of rehabilitating its witness, because it explained why he had changed his earlier story that he had not been involved in any way. This argument was also answered in *Commonwealth v. Johnson, supra*, 441 Pa. at 241–42, 272 A.2d at 469–70:

"There is no doubt that the Commonwealth should be permitted in rebuttal to rehabilitate a witness whose credibility has been put in question by the defense. That rehabilitation, however, could have been accomplished in some other manner. Miles could have testified that his change in the story was motivated by a desire to tell the truth or in any number of other ways. The police officials involved could have denied any special favors or inducements aimed at causing Miles to change his testimony. In short, the Commonwealth is not permitted to violate the rules of evidence in order to rehabilitate a witness.

"While it is the law that prior consonant statements may be admitted for rehabilitation purposes, the use of such prior consonant statements does not permit the violation of any other exclusionary rule of evidence."

Under *Commonwealth v. Johnson, supra,* it is clear that the rule allowing prior consonant statements to rehabilitate a witness did not entitle the Commonwealth to violate the rule of evidence excluding references to refusal to take a lie detector test.

Judgments of sentence reversed, and a new trial ordered.

VAN der VOORT, J., dissents.